Filed 1/21/25  P. v. Lee CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BOBBY WENDELL LEE,<br><br>    Defendant and Appellant. | 2d Crim. No. B334436<br>(Super. Ct. No. 2002010272)<br>(Ventura County) |

Bobby Wendell Lee appeals a judgment following his 2023 resentencing required by Penal Code section 1172.75.[1]  In 2003, he was convicted of kidnapping (§ 207, subd. (a)) and assault with a deadly weapon by force likely to produce great bodily injury (§ 245, subd. (a)(1)).  The trial court imposed an aggregate third strike sentence of 38 years to life.  The sentence included consecutive enhancements of 10 years for prior serious felony convictions (§§ 667, subd. (a)) and three consecutive one-year terms for prior prison terms (§ 667.5, subd. (b)).  In 2023, the

_____

[1] All statutory references are to the Penal Code.

court struck only the prior prison term enhancements and resentenced Lee to 35 years to life. We conclude the court did not abuse its discretion by not striking a prior strike conviction or the prior serious felony enhancements. (§ 667, subd. (a).) We affirm.

FACTS

Lee forced a woman, B.W., to get into a car. B.W. complied because Lee "smacked" her. After driving for 15 minutes, she asked "to be let out of the car." Lee threatened that she "better not move . . . [or] say a word." B.W. did not yell because she knew Lee had a knife. She later saw her cousin and screamed. Lee smacked her. B.W. jumped out of the car and "ran for [her] life." She jumped onto the hood of another car. Lee got out of the car, pulled her off the hood, hit her, and dragged her by her hair back to the car.

Lee then drove B.W. to the home of his ex-wife. There he hit her with a large brick or rock and knocked her unconscious.

After his 2003 conviction for kidnapping and assault, Lee was sentenced to 38 years to life. Lee fell within the purview of the three strikes law. His sentence included three consecutive one-year prior prison term enhancements. (§ 667.5, subd. (b).)

In 2022, the Legislature enacted section 1172.75. It invalidated those prior prison term enhancements. The California Department of Corrections and Rehabilitation notified the trial court that Lee was eligible for resentencing.

Lee requested the trial court to strike the section 667.5, subdivision (b) enhancements. He also claimed that due to mitigating factors, which included childhood trauma, mental health issues, and his rehabilitation efforts in prison, the court "should reduce the sentence to a determinate term."

The People opposed his request.  They claimed that a psychological report showed he was a moderate risk to public safety; the parole board recently denied his request to be released; he used narcotics in prison, fought over a $5 debt, had an extensive long violent criminal record, and was a risk to public safety.

The trial court struck the three section 667.5, subdivision (b) enhancements.  It ruled it would not reduce his sentence any further because Lee posed a threat to public safety.  It resentenced him to an aggregate 35-years-to-life sentence.

## DISCUSSION

### Abuse of Discretion

Lee contends the trial court abused its discretion in resentencing by not striking a prior strike conviction or the prior serious felony enhancements.  (§ 667, subd. (a).)  We disagree.

"Penal Code . . . section 1385, subdivision (c)(2), as added by Senate Bill No. 81 (2021-2022 Reg. Sess.) . . . ; (Stats. 2021, ch. 721, § 1), provides that a sentencing court '[i]n exercising its discretion' to dismiss a sentencing enhancement 'shall consider and afford great weight to evidence offered by the defendant to prove' certain enumerated mitigating circumstances, and '[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety.*' "  (*People v. Walker* (2024) 16 Cal.5th 1024, 1028, fn. omitted, italics added.)

"[I]f the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement *unless the sentencing court finds substantial,*

3

*credible evidence of countervailing factors* that 'may nonetheless neutralize even the great weight of the mitigating circumstances, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker*, *supra*, 16 Cal.5th at p. 1029, italics added.)

Here the trial court made the required statutory findings to support its resentencing decision. The court said, "[T]here is a strong possibility that Mr. Lee would pose a risk of danger to the public. And based on the underlying convictions and the conduct involved in those underlying convictions, I also do not believe that it would be in the interest of justice" to grant Lee's request to strike the priors in resentencing.

The trial court considered the circumstances of his offense and Lee's criminal record. It found his offense was "extremely serious." It involved "an individual being victimized physically and emotionally over a period of several hours" and "[p]hysically harmed on multiple occasions." This crime was committed "only a year after Mr. Lee was released from prison." His criminal history shows "a continuous history of crimes involving violence starting from when he was a juvenile in 1976." He was convicted of robbery in 1976 that involved "violent conduct." He was convicted of battery and brandishing a weapon in 1979 and contributing to the delinquency of a minor in 1980. He was next convicted of robbery "with the use of a weapon." His crimes involved "felony domestic violence, felony child abuse in which [Lee] used violence upon his 11-year-old child using a belt."

The trial court denied Lee's *Romero* request (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) to strike a prior strike offense, finding it would not be appropriate due to "the

4

seriousness of the underlying offense" and "the seriousness of the prior strike offenses."

Lee concedes that over a 20-year period he "committed a number of very serious crimes." But he argues that the trial court did not properly consider his evidence showing mitigating factors. He claims these included a childhood "filled with trauma and abuse" and mental disorders that "led to addiction"; and that he spent "twenty years in custody" and was "a very good inmate," received "mental health treatment," and "participated in numerous rehabilitative programs."

But the trial court considered those factors. It commended Lee "for taking those active measures." But it also found he was a danger to public safety and it would not "be in the interest of justice" to strike the priors Lee requested. Those findings supported its resentencing decision. (*People v. Walker*, *supra*, 16 Cal.5th at pp. 1028-1029.)

Moreover, the People presented evidence in opposition from which the trial court could draw negative inferences about Lee's rehabilitation. They noted that a forensic psychologist had determined Lee poses a "moderate risk" of being a danger to public safety. In February 2023, the parole board determined that he was not ready to be released. In February, Lee admitted that "when he uses drugs he's a really bad man." While in prison, he "used narcotics" and "got in a fight over whether somebody owed him $5." The trial court had previously denied his *Romero* motion. He "victimized" a woman "tremendously."

Lee notes "the Legislature has recognized that racial discrimination over a lengthy period of time has caused certain individuals to be subjected to very lengthy punishment." But the trial court considered the issue of the California Racial Justice

Act of 2020 and "the inequities in the justice system." It found no evidence of discrimination against Lee. The court said, "I didn't see anything" in "the record in this case" that "would lead me to believe that Mr. Lee was treated inequitably or differently than another individual in similar circumstances." Lee has not shown an abuse of discretion.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

6

Marine Dermadzhyan, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.